**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FAIZUN FARNAZ ALI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos. 05-70814
07-72495

Agency No. A095-583-190

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

In these consolidated petitions, Faizun Farnaz Ali, a native and citizen of

Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") (No. 05-70814), and the BIA's denial of her motion to reopen (No. 07-72495). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and for abuse of discretion the denial of a motion to reopen, *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). In No. 05-70814, we deny in part and dismiss in part the petition for review. In No. 07-72495, we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Ali's experiences in Fiji, including harassment and witnessing a robbery, did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009). Substantial evidence also supports the agency's finding that Ali failed to demonstrate a well-founded fear of future persecution. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, Ali's asylum claim fails.

05-70814

Because Ali failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

We lack jurisdiction to review Ali's CAT claim because it was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Finally, the BIA did not abuse its discretion in denying Ali's motion to reopen because it was untimely, *see* 8 C.F.R. § 1003.2(c)(2), Ali failed to demonstrate changed country conditions to qualify for the regulatory exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii), and Ali did not show prima facie eligibility for the relief sought, *see INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed only if it is arbitrary, irrational, or contrary to the law).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). If we had jurisdiction to review the BIA's decision, we would find no abuse of discretion.

05-70814

**No. 05-70814:  PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 07-72495:  PETITION FOR REVIEW DENIED in part; DISMISSED in part.**